IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENNAN ADRIAN JONES,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN,<br>ATTORNEY GENERAL AUSTIN<br>KNUDSEN,<br><br>Respondents. | Cause No. CV 24-94-M-DWM<br><br>ORDER |

Currently pending is state pro se petitioner Brennan Adrian Jones's ("Jones"), application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1.)

On July 10, 2024, an order issued directing Jones to show cause as to why the matter should not be dismissed as untimely and procedurally defaulted. (Doc. 3.) Jones was informed that a failure to make and adequate showing as to either issue or a failure to respond would result in dismissal of the petition. (*Id.* at 3-7.) The order explained in detail, the showings Jones would be required to make in order for his claims to be considered. Jones timely filed his response. (Doc. 4.)

1

Jones filed a postconviction petition in the state district court on November 7, 2022. (Doc. 3-1 at 1.) The district court denied Jones relief on August 24, 2023. Jones did not appeal the denial of his postconviction petition. (Doc. 1 at 4.)

In his petition, Jones asserts: (1) the was insufficient evidence to support his convictions (*id.* at 4), and (2) the State engaged in prosecutorial misconduct and cumulative errors prevented him from receiving a fair trial. (*Id.* at 5.) Jones asks that his convictions be reversed with prejudice, or, alternatively, that an order be entered granting him an acquittal on the charges and reversal of his sentences with prejudice. (*Id.* at 7.)

## II. Analysis

As explained herein, Jones's federal petition is untimely. Because he has not demonstrated adequate cause to excuse his late filing, the matter will be dismissed.

**Statute of Limitations**

A threshold issue for the Court is whether these proceedings are time-barred by the applicable statute of limitations. The time-bar issue is to be resolved before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F. 3d 920, 921-22 (9th Cir. 2022).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year limitations period applies to petitions filed by state

prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1),[1] Jones's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final upon conclusion of direct review. *Id.*

The Montana Supreme Court decided Jones's appeal on August 17, 2021. Thus, his conviction became final 90 days later, on Monday, November 15, 2021. See §2244(d)(1)(A). The one-year limitations period commenced on Tuesday, November 16, 2021, and expired one year later, absent applicable periods of tolling. *See Patterson v. Stewart*, 251 F. 3d 1243, 1245-47 (9th Cir. 2001)(the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Accordingly, Jones should have filed in this Court by Wednesday, November 16, 2022. As set forth above, however, Jones filed his federal petition on July 1, 2024.

On November 7, 2022, Jones filed his postconviction petition. The state district court denied the petition on August 24, 2023. Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other

---

[1] The limitations period under 2244(d)(1) is triggered and begins to run from the latest of: (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

4

collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). Thus, the filing of his postconviction petition tolled the federal timeclock and Jones had 9 days remaining within which to file in this Court upon the conclusion of his state postconviction proceedings. Accordingly, Jones had until Monday, September 4, 2023, to file his federal petition. But even with the benefit of this statutory tolling, Jones filed nearly 10 months too late.

In his response to the show cause order, Jones suggests that he is entitled to tolling for the entirety of the time that passed until his postconviction petition was denied. (Doc. 4 at 1.) The Court agrees that he is entitled to statutory tolling, starting on the date his postconviction petition was filed in the state district court. But, as set forth above, his federal time clock began to run upon conclusion of direct review, prior to the filing of his postconviction petition. While the postconviction proceedings tolled his federal limitations period, at the conclusion of these proceedings, all but nine days had elapsed on his federal filing clock. Jones failed to timely act. Accordingly, these proceedings are untimely unless Jones demonstrates that equitable tolling and/or the actual innocence gateway apply to render his petition timely filed.

    i.    **Equitable Tolling**

The U.S. Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).

AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Id.* at 645-46. A petitioner bears the burden of establishing that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

The Ninth Circuit Court of Appeals will permit equitable tolling of AEDPA's limitations period "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" to prevent him from timely filing a federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). To meet the first prong, Jones "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99. The second prong is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Id.* at 600. The burden of establishing grounds that warrant equitable tolling rests with the prisoner. *Pace*,

6

544 U.S. at 418.

As equitable tolling grounds, Jones first suggests that his attorneys provided ineffective assistance in the underlying criminal proceedings by failing to contact certain witnesses, challenge the reports of injuries that were made by the victim, allowing testimony of abuse, failing to adequately confront witnesses, and allowing the prosecution to inflame the passions of the jury. (Doc. 4 at 1-2.) Taken together, Jones asserts that these acts deprived him of a fundamentally fair trial and ultimately subjected him to an unfair sentence. (*Id.* at 3.) While Jones's general position that he disagrees with the trial strategy is understood, he fails to show that the acts undertaken during trial constituted an "extraordinary circumstance" that prevented him from timely filing in this Court. *See Holland*, 560 U.S. at 649

Jones next explains that inmates at Montana State Prison have limited law library access, usually two hours per week. (Doc. 4 at 4.) He acknowledges that inmates have access to tablets that allow them to look up case law, but explains the digital system is not always easy to navigate. Similarly, use of computers and typewrites is allowed, but on a first-come, first-serve basis. (*Id.*) He suggests there are "multiple issues" that make completing legal work on time difficult; there are no advocates for prison inmates, nor law students to help with case work. Accordingly, inmates must do the best they can with what they are provided. (*Id.*

7

at 5.) Jones believes the legal access situation at Montana State Prison constitutes an "impossibility" under *Holland*. (*Id.*)

But Jones does not show that he had a complete lack of access to the law library or legal materials. At most, Jones shows that there were time limits placed on library and computer use in order to allow all inmates access, and that when he could not physically access the library he had use of a tablet containing legal research materials. Ordinary prison limitations on access to the law library do not constitute an extraordinary circumstance or make it impossible to file on time, as would be required for equitable tolling of the limitations period. *See Ramirez v. Yates*, 571 F. 3d 993, 998 (9th Cir. 2009).

Furthermore, Jones is not entitled to equitable tolling because he has failed to allege specific facts establishing a causal connection between his limited access to the law library and his failure to timely file his federal habeas petition. Of note, Jones was able to file a pro se petition for postconviction relief in the state district court in November of 2022, as well as a motion compelling the state to respond to his petition in February of 2023. *See*, (Doc. 4 at 1.)

In short, Jones has failed to carry his burden of showing that his law library access was limited to such an extent during the relevant period that it constituted an extraordinary circumstance that prevented him from timely filing. *Holland*, 560 U.S. at 645; *Pace*, 544 U.S. at 418. Jones is, therefore, not entitled to equitable

tolling and the petition is untimely.

### ii. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-396 (2013), the Supreme Court held that the "actual innocence gateway" to federal habeas review that applies to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995), and *House v. Bell*, 547 U.S. 518 (2006), extends to petitions that are time-barred under AEDPA. *See Schlup*, 513 U.S. at 329 (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

A petitioner claiming actual innocence must satisfy the *Schlup* standard by demonstrating "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Lee v. Lampert*, 653 F. 3d 929, 938 (9th Cir. 2011)(en banc). In the federal habeas context "actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The habeas court then considers all the evidence: old and new,

incriminating and exculpatory, admissible at trial or not. *House*, 547 U.S. at 538. On this complete record, the court makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *Schlup*, 513 U.S. at 330).

The miscarriage of justice exception "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F. 3d 933, 937 (9th Cir. 2008)(emphasis in original). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims [ …] on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin*, 569 U.S. at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quotations omitted). The Supreme Court has explicitly stated that the miscarriage of justice exception "applies to a severely confined category" cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin*, 569 U.S. at 395 (quotations and citations omitted).

In support of his claim of actual innocence, Jones refers to the discovery in his criminal case. He indicates these materials reveal, at most, an individual

making mere accusations against him. (Doc. 4 at 3.) He explains no knives or weapons were used and there were no doctor's reports showing bruises or marks on the victim. He contends there should have been such physical evidence to support the "story" that was levied against him. (*Id.*) He explains the alleged victim was 65 years old at the time of the underlying offense, took massive amounts of medication, and changed her story various times throughout the proceedings. (*Id.* at 3-4.) He claims that if "you barely touch someone" of that age, there would be "multiple massive marks and bruises." (*Id.* at 4.) Jones then faults trial counsel for not elaborating on these issues and asserts his belief that no reasonable juror could find him guilty beyond a reasonable doubt. (*Id.*)

Jones has not presented new evidence or information that would establish that he is actually innocent of the offense of Partner or Family Member Assault, Assault with a Weapon, or Intimidation, aside from his own conclusory assertions of innocence. Jones interprets and summarizes the same evidence that was presented to the jury. While he concludes it is insufficient to support a finding of guilty, the jury determined otherwise. But Jones's analysis of the trial testimony and evidence is not new reliable scientific evidence that could not have been provided at the time of trial. Accordingly, this is not the extraordinary case where Jones has presented compelling evidence of his actual innocence. *See Schlup*, 513 U.S. at 321.

Jones's assertions and conjecture at this juncture, do not constitute conclusive evidence of innocence, nor has he shown that no reasonable juror could have convicted him in light of this "new" evidence. *See McQuiggin*, 569 U.S. at 399. Because Jones has failed to meet his burden, he is not entitled to an equitable exception to the statute of limitations. The petition remains untimely. Accordingly, this matter will be dismissed with prejudice.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Jones has not made a substantial showing that he was deprived of a

Jones's assertions and conjecture at this juncture, do not constitute conclusive evidence of innocence, nor has he shown that no reasonable juror could have convicted him in light of this "new" evidence. *See McQuiggin*, 569 U.S. at 399. Because Jones has failed to meet his burden, he is not entitled to an equitable exception to the statute of limitations. The petition remains untimely. Accordingly, this matter will be dismissed with prejudice.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Jones has not made a substantial showing that he was deprived of a

constitutional right. He has failed to make a colorable claim of equitable tolling or actual innocence. Accordingly, his is petition time barred. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. The Petition (Doc. 1) is DISMISSED with prejudice.

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 20th day of November, 2024.

Donald. W. Molloy, District Judge
United States District Court